**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**CROSNER LEGAL, P.C.**
Zachary M. Crosner, Esq. (SBN: 272295)
zach@crosnerlegal.com
Blake R. Jones (SBN: 211221)
blake@crosnerlegal.com
Michael R. Crosner (SBN: 41299)
mike@crosnerlegal.com
433 N. Camden Dr., Ste. 400
Beverly Hills, CA 90210
Telephone: (310) 496-5818
Facsimile: (310) 510-6429

*Attorneys for Plaintiffs,*
Linda Mesa and Robert Caldwell

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

LINDA MESA AND ROBERT CALDWELL, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

ENLOE MEDICAL CENTER; and DOES 1-100, Inclusive,

Defendants.

Case No.: 2:20-cv-02483-JAM-KJN

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF:

1. CONFIDENTIALITY OF MEDICAL INFORMATION ACT, CAL. CIV. CODE §§ 56, ET SEQ.;
2. CALIFORNIA BUS. & PROF. CODE §§ 17200, ET SEQ.; AND
3. NEGLIGENCE

JURY TRIAL DEMANDED

## INTRODUCTION

1. Plaintiffs Linda Mesa and Robert Caldwell, individually and on behalf of all others similarly situated (collectively as "Plaintiffs"), by Plaintiffs' attorneys, bring this action to challenge the actions of ENLOE MEDICAL CENTER ("Enloe" or "Defendant") and DOES 1-100 (collectively "Defendants") for Enloe's unlawful and unauthorized disclosure of Plaintiffs' confidential medical information in violation of the Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56, *et seq*. (the "Act" or "CMIA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL"); and Negligence.

2. Under the Act, Plaintiffs and all other persons similarly situated had a right to keep their personal medical information provided to Defendant confidential. The short title of the Act states, "[t]he Legislature hereby finds and declares that persons receiving health care services have a right to expect that the confidentiality of individual identifiable medical information derived by health service providers be reasonably preserved. It is the intention of the Legislature in enacting this act, to provide for the confidentiality of individually identifiable medical information, while permitting certain reasonable and limited uses of that information." The Act specifically provides that "[n]o provider of health care, health care service plan, or contractor shall disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization...." Civil Code. § 56.10(a). The Act further provides that "[e]very provider of health care, health care service plan, pharmaceutical company, or contractor who creates, maintains, preserves, stores, abandons, destroys, or disposes of medical records shall do so in a manner that preserves the confidentiality of the information contained therein. Any provider of health care, health care service plan, pharmaceutical company, or contractor who negligently creates, maintains, preserves, stores,

abandons, destroys, or disposes of medical records shall be subject to the remedies ... provided under subdivisions (b) ... of Section 56.36." Civil Code § 56.101.

3. Civil Code § 56.36(b) provides Plaintiffs, and all other persons similarly situated, with a private right to bring an action against Defendant for violation of Civil Code § 56.101 by specifically providing that "[i]n addition to any other remedies available at law, any individual may bring an action against any person or entity who has negligently released confidential information or records concerning him or her in violation of this part, for either or both of the following: (1) ... nominal damages of one thousand dollars ($1,000). In order to recover under this paragraph*, it shall not be necessary that the plaintiff suffered or was threatened with actual damages*. (2) The amount of actual damages, if any, sustained by the patient." (Emphasis added)

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege based on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under California Code of Civil Procedure section 410.10. The aggregated amount of damages incurred by Plaintiffs and the Class exceeds the $25,000 jurisdictional minimum of this Court. The amount in controversy as to the Plaintiffs individually and each individual Class member does not exceed $75,000, including interest and any

pro rata award of attorneys' fees, costs, and damages.

8. Venue is proper in this Court under California Bus. & Prof. Code § 17203, Code of Civil Procedure § 395(a) and § 395.5 because Defendant does business in the State of California, and in the County of Sacramento. Defendant has obtained medical information in the transaction of business in the County of Sacramento, which has caused both obligations and liability of Defendant to arise in the County of Sacramento. Further, Plaintiffs are also residents of the County of Sacramento.

9. Further, this action does not qualify for federal jurisdiction under the Class Action Fairness Act because the home-state controversy exception under 28 U.S.C. § 1332(d)(4)(B) applies to this action because (1) greater than two thirds of the members of the proposed Class are citizens of the State of California, and (2) Defendant is a citizen of the State of California.

## PARTIES

10. Plaintiff Linda Mesa is a resident and citizen of the State of California and the County of Sacramento.

11. Plaintiff Robert Caldwell is a resident and citizen of the State of California and the County of Sacramento.

12. Defendant ENLOE MEDICAL CENTER is a California Corporation that, at all relevant times, was authorized to do business within the State of California and is doing business in the State of California.

13. Defendant ENLOE MEDICAL CENTER is a hospital providing people in Sacramento and Chico, California and surrounding communities with medical care. Per Defendant's website (https://www.enloe.org/) ENLOE MEDICAL CENTER is the largest employer in Butte County, and employs more than 3,000 dedicated staff and has more than 300 physicians on their medical staff.[1]

[1] https://www.enloe.org/about-us/about-us

14. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sue the Defendant by such fictitious names under the Code of Civil Procedure § 474. Each Defendant designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court and/or amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES 1 through 100 when such identities become known. Any reference made to a named Defendant by specific name or otherwise, individually or plural, is also a reference to the actions or inactions of DOES 1 through 100, inclusive.

15. At all times herein mentioned, defendants, and each of them, were an agent or joint venturer of each of the other defendants, and in doing the acts alleged herein, were acting with the course and scope of such agency. Each defendant had actual and/or constructive knowledge of the acts of each of the other defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

16. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## FACTUAL ALLEGATIONS

17. Plaintiffs incorporate by reference all of the above paragraphs of this complaint as if fully stated herein.

18. On or about September 10, 2020, Defendant ENLOE MEDICAL CENTER ("Enloe" or "Defendant") disseminated a Notice of Data Breach letter (the "Letter") to Plaintiffs and members of the class alerting them that in May 2020 its third party cloud computing provider, fundraising and financial services vendor, Blackbaud, Inc. ("Blackbaud"), experienced a ransomware incident resulted in an unknown actor accessing, exfiltrating and/or acquiring certain Blackbaud customer data, which included data relating to Enloe's patients. Following its own investigation, Enloe determined that the its Blackbaud systems were in fact compromised, which allowed an unauthorized person to access Enloe's patient's personal and medical information, including, at minimum, Plaintiffs' and the class members' patient names, addresses, patient date of birth, phone number and/or email address, medical treatment discharge dates and departments where the patients received care. Enloe could not definitively rule out that Plaintiffs' and the class members' personal and medical information were safe from this unauthorized access.

19. Despite the fact that Blackbaud reported it had been the victim of a ransomware attack and data breach, exposing the private information and even private health information of its clients' students, patients, and donors in May 2020, Enloe did not provide notice to Plaintiffs and similarly situated class members until on or about September 10, 2020.

20. At no point in time did Plaintiffs give authorization for Defendant to reveal or disclose Plaintiffs' personal medical information to any other person, including Blackbaud. Plaintiffs where never informed and never consented to their personally identifiably information (PII), protected health information (PHI) and/or confidential medical information being disclosed to Blackbaud.

21. Pursuant to Cal. Civ. Code § 56.10(a), a provider of health care, health care service plan, or contractor shall not disclose medical information regarding a patient of the provider of health care **without first obtaining an authorization**, except as provided in subdivision (b) or (c).

22. Subdivision (b) of Cal. Civ. Code § 56.10 provides an exhaustive list of circumstances under which Defendant *must* disclose medical information without prior authorization.

23. Subdivision (c) of Cal. Civ. Code § 56.10 provides an exhaustive list of circumstances under which Defendant *may* disclose medical information without prior authorization.

24. Neither subdivision (b) or (c) of Cal. Civ. Code § 56.10 include disclosing allowing access to Plaintiffs' and the Class members' medical information to an unauthorized vendor in connection with fundraising activities, or other unidentified unauthorized persons as an exception to the mandatory authorization required under Cal. Civ. Code § 56.10(a).

25. Further, Cal. Civ. Code 56.10(d) states that unless "expressly authorized by a patient, enrollee, or subscriber, or as provided by subdivisions (b) and (c), a provider of health care . . . shall not intentionally share, sell, use for marketing, or otherwise use medical information for a purpose not necessary to provide health care services to the patient."

26. "Authorization" is defined under the CMIA as obtaining permission in accordance with Cal. Civ. Code § 56.11 (or § 56.21 in the context of an employer disclosing medical information).

27. Enloe did not obtain valid authorization from as defined under Cal. Civ. Code § 56.11 of the CMIA prior to disclosing Plaintiffs and the Class members' personal data, including PII, PHI and/or medical information to Blackbaud or other unidentified unauthorized third parties.

28. Through the above, Defendant recklessly failed to take adequate precautions to

safeguard the confidential medical information of Plaintiffs and similarly situated members of the Class.

29. Through the above conduct, Enloe carelessly, recklessly, negligently, and impermissibly revealed Plaintiffs' and the Class members' sensitive personal information and confidential medical information to Blackbaud; and as a result of disclosing their personal data to Blackbaud, Enloe allowed and caused Plaintiffs' and the Class members' personal data, including PII, PHI, and medical information to be accessed and exfiltrated by unauthorized third parties.

30. In selecting Defendant as their healthcare provider, Plaintiffs relied on Defendant to not disclose their PII, PHI and/or confidential information to unauthorized third parties, including Blackbaud, and entrusted Defendant to use adequate privacy and security provisions with regard to Plaintiffs' personal information and medical information.

31. Upon information and belief, Blackbaud has not provided verification or further information to Enloe regarding the disposition of the data to confirm that the stolen data has been destroyed, nor does Enloe or Blackbaud know whether the other unidentified unauthorized third parties who accessed and/or exfiltrated the data maintained the data in a manner to prevent others from accessing or acquiring Plaintiffs' and the Class members PII, PHI and/or medical information.

32. Plaintiffs were distressed by the fact that Defendant had so carelessly disclosed Plaintiffs' personal medical information to unauthorized persons in violation of Cal. Civ. Code §§ 56, et seq.

33. Plaintiffs have suffered from increased stress, embarrassment, humiliation, frustration, fear and anxiety and bear an increased risk of identity theft, including medical identity theft, as a result of Defendant's reckless exposure of Plaintiffs' confidential medical information to unauthorized persons.

34. In recognition of the important privacy rights that individuals expect to have

over their private, sensitive medical information, Federal laws, such as the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), were also enacted to provide data privacy and security provisions to help safeguard patients' personal information and medical information. Similarly, California has enacted the Confidentiality of Medical Information Act, Civil Code §§ 56, et seq.

35. Based upon the information posted on the U.S. Department of Health and Human Services' official website, on 09/10/2020, Defendant reported to the U.S. Department of Health & Human Services' Office for Civil Rights that the data breach described herein affected **33,575 individuals**.

36. The HIPAA Breach Notification Rule, 45 CFR §§ 164.400-414, requires HIPAA covered entities to provide notification following a breach of unsecured protected health information. Following a breach of unsecured protected health information, covered entities must provide notification of the breach to affected individuals. Covered entities must *only* provide the required notifications if the breach involved unsecured protected health information. Unsecured protected health information is protected health information that has not been rendered unusable, unreadable, or indecipherable to unauthorized persons through the use of a technology or methodology specified by the Secretary of the U.S. Department of Health and Human Services in guidance. Under approved guidance of the U.S. Department of Health and Human Services, protected health information ("PHI") is rendered unusable, unreadable, or indecipherable to unauthorized individuals if (1) electronic PHI has been encrypted as specified in the HIPAA Security Rule by "the use of an algorithmic process to transform data into a form in which there is a low probability of assigning meaning without use of a confidential process or key" (45 CFR § 164.304 definition of encryption) and (2) such confidential process or key that might enable decryption has not been breached.

37. By reporting the data breach discussed herein to the U.S. Department of Health and Human Services and by sending its Notice of Data Breach Letter attached to Plaintiffs and members of the Class. Defendant has determined and is affirming that Plaintiffs' and the Class' electronic PHI was either not encrypted at all, or if it was encrypted, the encryption has been breached by the unauthorized third party. As a result, Defendant was negligent for failing to encrypt or adequately encrypt Plaintiffs' and the Class' electronic medical information and providing unauthorized third parties, including Blackbaud, access to such information. Further, because Plaintiffs' and the Class' identifiable medical information was not rendered unusable, unreadable, or indecipherable, the unauthorized third party or parties who accessed and/or exfiltrated Plaintiffs' and the Class' identifiable medical information from Defendant's computer database server were able to and did in fact view Plaintiffs' and the Class members' medical information.

38. This action seeks redress against Defendant for its unlawful and unauthorized disclosure of confidential medical information of Plaintiffs and similarly situated members of the Class in violation of the Confidentiality of Medical Information Act, Civil Code §§ 56, et seq.

## CLASS ACTION ALLEGATIONS

39. Plaintiffs reallege and incorporate by reference all of the above paragraphs as though fully stated herein.

40. Plaintiffs bring this action on behalf of themselves individually and on behalf of all others similarly situated. The putative class ("the Class") that Plaintiffs seek to represent is composed of:

> All persons in the state of California whose personal data and medical information was disclosed by Enloe to Blackbaud, and was stored in Enloe's Blackbaud systems prior to May of 2020, and/or was given the Notice of Data Privacy Event by or on behalf of Enloe related to the data breach that occurred in May 2020.

41. Excluded from the Class are the natural persons who are directors, officers, and employees of the Defendant.

42. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of the Class members is unknown to Plaintiffs at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant.

43. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiffs' claims are typical of the members of the class, and Plaintiffs can fairly and adequately represent the interests of the Class.

44. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a) Whether Defendants participated in or committed the wrongful conduct alleged herein;

b) Whether Defendants' acts, transactions, or course of conduct constitute the violations of law alleged herein;

c) Whether the members of the Class sustained and/or continue to sustain damages attributable to Defendants' conduct, and, if so, the proper measure and appropriate formula to be applied in determining such damages; and

d) Whether the members of the Class are entitled to injunctive and/or any other equitable relief.

45. Plaintiffs' claims are typical of the claims of all other members of the Class and involve the same violations of law by Defendants as other Class members' claims. Plaintiffs and members of the Class also sustained damages arising out of Defendants' common course of conduct complained herein.

46. As persons who received the abovementioned letter from Defendants regarding

an unauthorized disclosure of Plaintiffs' personal information and confidential medical information, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will each fairly and adequately represent and protect the interests of other members of the Class in that Plaintiffs have no interests known to be antagonistic to any member of the Class.

47. This suit seeks damages and injunctive relief for recovery of injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

48. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a representative lass action, members of the Class will continue to face the potential for irreparable harm described herein. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Furthermore, even if separate actions could be brought by individual purchasers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create the risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, thereby substantially impeding purchasers' ability to protect their interests, while establishing incompatible standards of conduct for Defendants.

49. Defendants have acted and/or refused to act on grounds generally applicable to the Plaintiffs and other members of the Class, thereby rendering class certification and final injunctive relief and corresponding declaratory relief with respect to members of the Class as a whole appropriate.

50. As discussed above, numerous common questions of fact and law exist in this matter. These questions predominate over the individual questions presented in this action.

51. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the damages suffered by individual members of the Class may be minimal. As a result, the expense and burden and litigation would prevent Class members from individually redressing the wrongs done to them. A representative class action is both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice. Furthermore, a class action regarding the issues presented in this matter creates no significant problems of manageability.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF CAL. CIV. CODE §§ 56, ET SEQ.
### [CONFIDENTIALITY OF MEDICAL INFORMATION ACT]

52. Plaintiffs reallege and incorporate by reference all of the above paragraphs as though fully stated herein.

53. The forgoing acts and omissions constitute violation of the Confidentiality of Medical Information Act, California Civil Code §§ 56, et seq.

54. Civil Code Section §§ 56, et seq., prohibits health care providers from disclosing medical information regarding a patient without first obtaining written authorization from the patient.

55. At all relevant times, Defendants had a legal duty to protect the confidentiality of Plaintiffs' personal information and medical information.

56. By disclosing Plaintiffs' personal information and private medical information without written authorization, Defendant has violated Cal. Civil Code § 56.10.

57. Defendant has also violated California Civil Code § 56.101, which prohibits the negligent creation, maintenance, preservation, storage, abandonment, destruction, or disposal of confidential medical information. Among other things, Defendant is and was negligent by failing to implement, maintain, and follow reasonable policies and procedures to protect medical information from unauthorized access and disclosure.

58. As a result of Defendant's above-described conduct, Plaintiffs and the Class have suffered damages from the unauthorized release of their individual identifiable "medical information" made unlawful by Civil Code §§ 56.10 and 56.101.

59. Because Civil Code § 56.101 allows for the remedies and penalties provided under Civil Code § 56.36(b), Plaintiffs and the Class seek nominal damages of one thousand dollars ($1,000) for each violation under Civil Code §56.36(b)(1), and actual damages suffered, if any, pursuant to Civil Code § 56.36(b)(2).

60. Plaintiffs also seek an injunctive order requiring Defendant to cease its violations of the Civil Code §§ 56, et seq. Among other things Defendant should be required to cease negligently handling its patients' medical information

## COUNT II
## VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.
## [CALIFORNIA'S UNFAIR COMPETITION LAW]

61. Plaintiffs reallege and incorporate by reference all of the above paragraphs as though fully stated herein.

62. Plaintiffs and Defendants are each "person[s]" as defined by Cal. Bus. & Prof. Code § 17201. Cal. Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

63. By and through Defendants' conduct alleged in further detail above and herein, Defendants engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices prohibited by Bus. & Prof. Code §§ 17200, et seq.

64. "Unfair competition" is defined by Bus. & Prof. Code section § 17200 as

encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in §§ 17200, et seq. are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

65. Defendants have engaged in "unlawful" business acts and practices in violation of California Bus. & Prof. Code §§ 17200, et seq. by its conduct in violation of the Confidentiality of Medical Information Act, Civil Code §§ 56.10, 56.101, as alleged above and herein.

66. Had Plaintiffs and members of the Class known that Defendants weren't using reasonable precautions to ensure the safe storage of Plaintiffs' individual identifiable "medical information," and that Defendants were going to released their individual identifiable "medical information," to unauthorized persons without their authorized written consent in violation of its promises made in its privacy policy and required by the Act, Plaintiffs would not have used Defendants' health care services.

67. Plaintiffs and members of the Class have suffered an injury in fact by a significant exposure of sensitive personal information by Defendants making individual identifiable "medical information," within the meaning of Civil Code § 56.05(j), including their names, medications, medical diagnoses, and other individually identifiable medical information as defined by Civil Code § 56.05(j), released to and viewed by unauthorized persons without their prior written authorization as required by the Act, Civil Code §§ 56.10, 56.101.

68. Additionally, Plaintiffs and members of the Class have suffered a loss of money or property in the form of paying for health care services from Defendants, and have suffered a loss of money or property in that Plaintiffs and the Class have suffered and are each entitled to nominal damages of one thousand dollars

($1,000) pursuant to Civil Code §§ 56.36(b)(1), 56.101.

69. Pursuant to the Bus. & Prof. Code § 17203, Plaintiffs and the Class seek an order of this Court requiring full restitution of all monies wrongfully acquired by Defendants in the form of health care services payments made to Defendants by means of such "unlawful" conduct, so as to restore any and all monies to Plaintiffs and the Class which were acquired and obtained by means of such "unlawful" conduct, and which ill-gotten gains are still retained by Defendants.

70. Pursuant to the Bus. & Prof. Code § 17203, Plaintiffs and the Class also seek an order of this Court for equitable and/or injunctive relief in the form of an order instructing Defendants to prohibit the unauthorized disclosure of their individual identifiable "medical information," and to adequately maintain the confidentiality of their individual identifiable "medical information," and an order enjoining Defendants from disclosing their individual identifiable "medical information," without the prior written authorization of Plaintiffs and each Class member, as required by the Act. Absent injunctive relief from the Court, Defendants are likely to continue to injure Plaintiffs and the Class.

71. Plaintiffs and other members of the Class have in fact been injured as a result of their reliance on Defendants' material representations and omissions, which are described above. As a result of this reliance, Defendants has caused harm to Plaintiffs and other members of the Class. Plaintiffs and the other members of the Class have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

72. As a direct and proximate result of the repeated violations described above and herein, Defendants have received and continues to receive unjust revenue and profit at the expense of their competitors and the public.

73. Plaintiffs have suffered an "injury in fact" as a result of Defendants' above-described conduct.

74. Unless Defendants are enjoined from continuing to engage in the unlawful,

unfair, fraudulent, untrue, and deceptive business acts and practices as described herein, Plaintiffs and consumers residing within California, will continue to be exposed to and harmed by Defendants' unlawful, unfair, and/or fraudulent business practices.

75. Plaintiffs and the Class seek restitution of excess monies paid to Defendants by Plaintiffs and the Class relating to the representations set forth on Defendants' website in the marketing and description of Defendants' services.

76. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiffs seeks the recovery of attorneys' fees, which is available to a prevailing Plaintiffs in class action cases such as this matter

## COUNT III

## NEGLIGENCE

77. Plaintiffs reallege and incorporate by reference all of the above paragraphs as though fully stated herein.

78. Defendant owed various duties to Plaintiffs, including pursuant to the CMIA, as alleged in detail above. Specifically, Defendants owed a duty to Plaintiffs with regard to its manner of collection and maintenance of Plaintiffs' and the Class members' personal data, including PHI, PII, and medical information.

79. Defendant breached Defendant's respective duties by engaging in the conduct alleged above and in violation of the CMIA.

80. Plaintiffs assert that Defendants are both the actual and legal cause of Plaintiffs' damages.

81. Plaintiffs believe and thereon allege that as a proximate result of Defendants' negligence, Plaintiffs have suffered actual damages and significant emotional distress as described herein and above.

82. Due to the egregious violations alleged herein, Plaintiffs assert that Defendant breached Defendant's respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. Defendants' conscious disregard for

Plaintiffs' privacy rights entitles Plaintiffs to recover punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court grant Plaintiffs and the Class members the following relief against Defendant(s):

**As to the First Cause of Action**

- For nominal damages in the amount of one thousand dollar ($1,000) per violation to Plaintiffs each individually and to each member of the Class pursuant to Civil Code § 56.36(b)(1);
- For actual damages according to proof per violation pursuant to Civil Code § 56.36(b)(2);

**As to the Second Cause of Action**

- An award of restitution of all monies wrongfully acquired by Defendants in the form of health care services payments made to Defendants by Plaintiffs and the Class;
- An award of appropriate injunctive and/or declaratory relief preventing such conduct in the future;

**As to the Third Cause of Action**

- An award of actual damages to be determined at trial;
- An award of punitive damages to be determined at trial;

**As to All Causes of Action**

- Certifying this action as a Class Action;
- Appointing each of the named Plaintiffs as Class Representatives;
- Appointing Plaintiffs' attorneys of record as Class Counsel;
- For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;
- For costs of the suit;

- For prejudgment interest at the legal rate; and
- Any such further relief as this Court deems necessary, just, and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Respectfully submitted,

Dated: April 6, 2021

**KAZEROUNI LAW GROUP, APC**

By: *s/ Abbas Kazerounian*

Abbas Kazerounian, Esq.
Mona Amini, Esq.
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**CROSNER LEGAL, PC**
Zachary Crosner, Esq.
Blake R. Jones, Esq.
Michael R. Crosner, Esq.
433 N. Camden Dr., Ste. 400
Beverly Hills, CA 90210
Telephone: (310) 496-5818
Facsimile: (310) 510-6429

*Attorneys for Plaintiffs and the putative class*

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Kazerouni Law Group, APC, 245 Fischer Avenue, Unit D1, Costa Mesa, CA 92626. On April 6, 2021, I served the within document(s):

- **PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

☒ CM/ECF - by transmitting electronically the document(s) listed above to the electronic case filing system on this date before 11:59 p.m. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 6, 2021, at Costa Mesa, California.

/s/ Abbas Kazerounian
ABBAS KAZEROUNIAN, ESQ.